**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 1, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

WILLIAM McNEAL POUNTNEY,

 Defendant - Appellant.

No. 05-8041
(Wyoming)
(D.Ct. No. 04-CR-220-J)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

On November 16, 2004, William Pountney was indicted for the production
of child pornography in violation of 18 U.S.C. § 2251(a), (e) (Count 1) and

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (Count 2). On February 17, 2005, Pountney filed a motion to dismiss Count 1 for lack of federal jurisdiction. He argued 18 U.S.C. § 2251 was facially unconstitutional or, in the alternative, unconstitutional as applied to him. Pountney entered a conditional plea of guilty to Count 1 on February 25, 2005, reserving the right to appeal in the event the district court denied his motion to dismiss. On May 4, 2005, the district court sentenced Pountney to 180 months imprisonment. On June 1, 2005, the district court issued its written denial of Pountney's motion to dismiss. Pountney now challenges the district court's determination that 18 U.S.C. § 2251 is constitutional both on its face and as applied to his circumstances. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## Background

On October 21, 2004, the Cheyenne Wyoming Police Department received a report regarding an alleged sexual assault of a fourteen-year-old female by a man she met over the Internet. During the course of the investigation, officers discovered phone records revealing several hours of conversations between the victim and Pountney and a picture of him on her computer. After obtaining a search warrant for Pountney's residence and automobile, law enforcement agents conducted a search. Among the items discovered were approximately five sexually explicit photographs of the victim located under Pountney's mattress.

He had produced the photographs using a digital camera, downloading the images to a computer and then printing them on his home printer. Pountney concedes the camera and other materials used to produce the photographs had been transported across state lines. There is no evidence, however, that the photographs themselves ever entered or were intended to enter interstate or foreign commerce.

### Discussion

Pountney claims the district court erred in denying his motion to dismiss Count 1 by concluding 18 U.S.C. § 2251(a) is facially constitutional and constitutional as applied to him. In considering a challenge to the constitutionality of a statute, we review the district court's ruling *de novo.* *United States v. Jeronimo-Bautista*, 425 F.3d 1266, 1268 (10th Cir. 2005), *cert. denied*, 126 S.Ct 177 (2006). Pountney claims his local production of pornographic images of a child, absent any intent to distribute the images in any fashion, did not substantially affect interstate commerce, and therefore his actions were outside of Congress' regulatory authority under its Commerce Clause powers. We need not address Pountney's arguments in great detail. Rather, we refer to three very recent decisions by this Court which directly foreclose each of Pountney's arguments. *See United States v. Grimmett*, 439 F.3d 1263 (10th Cir. 2006) (challenging the constitutionality of § 2251(a) on its face and "as-applied"); *United States v. Croxford*, 170 Fed.Appx. 31 (10th Cir. 2006) (unpublished) (same); *Jeronimo-Bautista*, 425 F.3d 1266 ("as-applied" challenge).

1. Facial Challenge

In his charge that 18 U.S.C. § 2251(a) is facially unconstitutional, Pountney claims Congress lacks the power under the Commerce Clause to proscribe the local intrastate production of child pornography under any circumstances because such actions do not have a substantial effect on interstate commerce. *See Gonzales v. Raich,* 545 U.S. 1, 125 S.Ct. 2195, 2205 (2005) ("Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce"). Whether a statute regulates an activity that substantially affects interstate commerce is determined by considering four factors: (1) whether the regulated activity is economic in nature; (2) whether the statute contains an express jurisdictional element limiting its regulatory reach to activities that affect interstate commerce; (3) whether Congress has spoken about the activity's effect on interstate commerce; and (4) whether the link between the prohibited activity and its effect on interstate commerce is attenuated. *See United States v. Morrison,* 529 U.S. 598, 609-12 (2000).

Pountney argues 18 U.S.C. § 2251(a) is facially unconstitutional because it fails under each of these factors. He argues: 1) the local production of child pornography is not economic or commercial activity as no depictions are sold, traded or exchanged; 2) the statute's jurisdictional element does not sufficiently limit the statute's reach; 3) Congress has not addressed whether the local

-4-

production of child pornography for personal use has an effect on interstate commerce; and 4) the link between purely local child pornography and its effect on interstate commerce is attenuated.

However, in the time since Pountney raised these arguments we have determined "that § 2251 is directed at an activity that is economic in nature." *Grimmett*, 439 F.3d at 1272; *see also Croxford*, 170 Fed.Appx. at 39; *Jeronimo-Bautista*, 425 F.3d at 1271. Our recent opinions have also thoroughly reviewed the legislative history of the statute and concluded "Congress' explicit findings regarding the extensive national market in child pornography and the need to diminish that national market support the contention that prohibiting the production of child pornography at the local level helps to further the Congressional goal." *Jeronimo-Bautista*, 425 F.3d at 1271 (quotations omitted); *see Grimmett*, 439 F.3d at 1272; *Croxford*, 170 Fed.Appx. at 38. In addition, based largely on the Supreme Court's decisions in *Wickard v. Filburn,* 317 U.S. 111 (1942), and *Raich*, *supra*, we have confirmed that Congress could rationally conclude that local production of child pornography, if left unregulated, may in the aggregate have "a substantial effect on supply and demand in the national market." *Jeronimo-Bautista*, 425 F.3d at 1273 (quotations omitted). Finally, because we have determined production of intrastate pornography has a substantial effect on interstate commerce, Pountney's challenge to § 2251's jurisdictional limitations is unavailing. *Grimmett*, 439 F.3d at 1272 ("Because we

conclude . . . that Mr. Grimmett's production of intrastate pornography has a substantial impact on interstate commerce, any failure of the jurisdictional element effectively to limit the reach of the statute is not determinative.") (quotations omitted); *see Croxford*, 170 Fed.Appx. at 41-42; *Jeronimo-Bautista*, 425 F.3d at 1273 n.4. Consequently, Pountney's facial constitutional challenge fails.

### As-Applied Challenge

In the alternative, Pountney argues that even if § 2251 is facially constitutional, it is unconstitutional as applied to his conduct, "*i.e.*, even if Congress has the power to reach some offenses, it is not empowered to reach conduct like his." *Grimmett*, 439 F.3d at 1271. For the same reasons Pountney's facial challenge failed, this claim also fails.

> The fact that [Pountney] neither shipped the materials interstate nor intended to benefit commercially from his conduct is of no moment. Congress' decision to deem illegal [Pountney's] local production of child pornography represents a rational determination that such local activities constitute an essential part of the interstate market for child pornography that is well within Congress' power to regulate. Because § 2251(a) is a legitimate exercise of Congress' power as applied to [Pountney's] conduct, his challenge fails.

*Id*. at 1273 (citations and quotations omitted); *see Jeronimo-Bautista,* 425 F.3d at 1273.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge